UNITED STATES of America,
Plaintiff—Appellee,

v.

Jorge Alberto CASTRO–VALENZUE-LA, aka Jorge Castro–Valenzuela, Defendant—Appellant.

No. 01–10450.
D.C. No. CR–00–01603–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2002.*

Decided April 3, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jorge Castro–Valenzuela (Castro) appeals from his conviction under 21 U.S.C. § 841 for possession of marijuana with intent to distribute. Castro argues that the district court should have suppressed the marijuana that Border Patrol agents found in his truck because the agents did not have reasonable suspicion to stop him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's denial of a motion to suppress.[1] Whether particular facts constitute reasonable suspicion is a mixed question of law and fact that we also review de novo.[2] However, we review the district court's findings of fact for clear error.[3]

 In *United States v. Arvizu*,[4] the Supreme Court emphasized that a court reviewing a reasonable suspicion question "must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing."[5] Under this approach, courts should not evaluate reasonable suspicion factors "in isolation from each other.... Although each of the series of acts [may be] 'perhaps innocent in itself,' ... taken together, they [may] 'warrant[ ] further investigation.'"[6] In addition, the detaining officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'"[7] Finally, the likelihood of criminal activity necessary to give rise to reasonable suspicion "falls considerably short of satisfying a preponderance of the evidence standard."[8]

 Under the foregoing analytical framework, the Border Patrol agents plainly had reasonable suspicion to stop Castro. Given the totality of the circumstances—the exact match between Castro's truck and the detailed description in the tip, Castro's presence in an area notorious for smuggling, the fact that his truck had Arizona license plates but was registered to a Mexican address, Castro's stiff and rigid posture and significant decelera-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *United States v. Summers*, 268 F.3d 683, 686 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1182, —— L.Ed.2d —— (2002).

2. *See United States v. Arvizu,* —— U.S. ——, ——, 122 S.Ct. 744, 751, 151 L.Ed.2d 740 (2002); *United States v. Sigmond–Ballesteros* 247 F.3d 943, 946 (9th Cir.2001).

3. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *Summers,* 268 F.3d at 686.

4. 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740.

5. *Id.* at 750 (internal quotation marks and citation omitted).

6. *Id.* at 751 (quoting *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

7. *Id.* at 750–51 (quoting *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).

8. *Id.* at 751.

tion when the Border Patrol agents pulled their vehicle alongside his, and agent Atencio's sighting of rectangular shapes consistent with the size and shape of bales of marijuana—and the agents' experience, training and familiarity with the area, the agents had a particularized and objective basis for suspecting that criminal activity was afoot.[9]

Castro's arguments regarding the tip only establish that the tip alone would not support reasonable suspicion.[10] The agents were still entitled to rely on the tip as one factor in the totality of the circumstances analysis, however, especially given that the tip was based on first-hand knowledge and was quite detailed.[11] Castro's other arguments—that the agents "boxed" his truck, leaving him little choice but to slow down, that Atencio could not have seen the rectangular shapes, and that Atencio should also have seen the marijuana bales in the front seat—reduce to contentions that the district court made erroneous factual findings or should not have believed Atencio's testimony. We reject these arguments because our review of the record reveals no clear error in the district court's factual findings or its implicit finding that Atencio's testimony was credible.[12]

AFFIRMED.

---

9. *See United States v. Ayon-Meza*, 177 F.3d 1130, 1132–33 (9th Cir.1999) (finding probable cause for arrest when officer saw part of an object that, based on her experience, was packaged in a manner consistent with those that typically contain illegal drugs); *United States v. Morales*, 252 F.3d 1070, 1074–75 (9th Cir.2001) (discussing circumstances in which an anonymous tip can provide reasonable suspicion or probable cause); *Arvizu*, 534 U.S. at ——, 122 S.Ct. at 752 (factors such as defendant's presence in a remote rural area known for smuggling, and the defendant's slowing of the vehicle and stiffening of posture after sighting a law enforcement officer, may be considered in light of officer's experience, training and knowledge of the area and inhabitants).

10. *See Morales*, 252 F.3d at 1076 (stating that an anonymous tip must, among other requirements, predict future movements in order to provide a basis for reasonable suspicion).

11. *See United States v. Lefkowitz*, 618 F.2d 1313, 1316 (9th Cir.1980) (stating that informants' firsthand information supported their credibility); *Morales*, 252 F.3d at 1074–75 (stating that to have "indicia of reliability," an anonymous tip must include a "range of details").

12. *See Summers*, 268 F.3d at 686 (stating that this court reviews a district court's factual findings for clear error); *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir.1996) ("The reviewing court must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.").